**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

FILED

2010 MAR - 1  AM 10: 49

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
                    DEPUTY

| | | |
|---|---|---|
| **FREESCALE SEMICONDUCTOR, INC.** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **PANASONIC CORPORATION; PANASONIC** | § | **A 1 0 C A 1 3 8  LY** |
| **SEMICONDUCTOR DISCRETE DEVICES** | § | |
| **CO. LTD.; PANASONIC CORPORATION** | § | |
| **OF NORTH AMERICA; FUNAI** | § | |
| **CORPORATION, INC.; FUNAI** | § | |
| **ELECTRIC CO., LTD.; JVC KENWOOD** | § | |
| **HOLDINGS, INC.; VICTOR COMPANY** | § | |
| **OF JAPAN, LIMITED; AND JVC AMERICAS** | § | |
| **CORP.,** | § | |
| | § | |
| **Defendants.** | § | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Freescale Semiconductor, Inc., hereby files this Complaint for patent infringement against Defendants Panasonic Corporation; Panasonic Semiconductor Discrete Devices Co. Ltd.; Panasonic Corporation of North America; Funai Corporation, Inc.; Funai Electric Co., Ltd.; JVC Kenwood Holdings, Inc.; Victor Company of Japan, Limited; and JVC Americas Corp. (hereinafter collectively referred to as "Defendants").

## PARTIES

1.      Plaintiff, Freescale Semiconductor, Inc. ("Freescale"), is a Delaware corporation with its headquarters located at 6501 William Cannon Drive West, Austin, Texas.  Freescale was formed in 2004 as a result of the divestiture of the Semiconductor Products Sector of Motorola, Inc.

2.      Upon information and belief, Defendant Panasonic Corporation is a corporation organized under the laws of Japan, and maintains its principal place of business at 1006 Oaza Kadoma, Kadoma, Osaka 571-8501, Japan.

3.      Upon information and belief, Defendant Panasonic Semiconductor Discrete Devices Co. Ltd. is a corporation organized under the laws of Japan and maintains its principal place of business at 8-1, Minamihirocho, Umezu, Ukyo-Ku615-0901 Kyoto, Kyoto Japan.

4.      Upon information and belief, Defendant Panasonic Corporation of North America is a corporation organized under the laws of Delaware and maintains its principal place of business at 1 Panasonic Way, Secaucus, New Jersey 07094.

5.      Defendants Panasonic Corporation, Panasonic Semiconductor Discrete Devices Co. Ltd., and Panasonic Corporation of North America are hereinafter collectively referred to as "Panasonic."

6.      Upon information and belief, Defendant Funai Electric Co., Ltd. is a corporation organized under the laws of Japan, and maintains its principal place of business at 7-7-1 Nakagaito, Daito, Osaka 574-0013, Japan.

7.      Upon information and belief, Defendant Funai Corporation, Inc. is a corporation organized under the laws of New Jersey, and maintains its principal place of business at 201 Route 17, Ste 903, Rutherford, New Jersey 07070.

8.      Defendants Funai Electric Co., Ltd. and Funai Corporation, Inc. are hereinafter collectively referred to as "Funai."

9.      Upon information and belief, Defendant JVC Kenwood Holdings, Inc. is a corporation organized under the laws of Japan, and maintains its principal place of business at 3-12, Moriyacho, Kanagawa-ku, Yokohama-shi, Kanagawa 221-8528, Japan.

10.    Upon information and belief, Defendant Victor Company of Japan, Limited is a corporation organized under the laws of Japan, and maintains its principal place of business at 12, Moriya-cho, 3-chome, Kanagawa-ku, Yokohama 221-8528, Japan.

11.    Upon information and belief, Defendant JVC Americas Corp. is a corporation organized under the laws of Delaware, and maintains its principal place of business at 1700 Valley Rd Ste 1, Wayne, New Jersey 07470.

12.    Defendants JVC Kenwood Holdings, Inc., Victor Company of Japan, Limited, and JVC Americas Corp. are hereinafter collectively referred to as "JVC."

## JURISDICTION AND VENUE

13.    This is a civil action for patent infringement, injunctive relief, and damages arising under the patent laws of the United States, 35 U.S.C. §§ 1, et seq.  This Court has exclusive subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

14.    Upon information and belief, Defendants have ongoing and systematic contacts within the State of Texas and within this district.  Defendants, directly or through intermediaries (including distributors, retailers, and others), ship, distribute, offer for sale, sell, and/or advertise their products in the United States, the State of Texas, and the Western District of Texas.

15.    Defendants have purposefully and voluntarily placed one or more of their infringing products into the stream of commerce with the expectation that they will be purchased by consumers in the Western District of Texas.  These infringing products have been and continue to be purchased by consumers in the Western District of Texas.

16.    Defendants have committed the tort of patent infringement within the State of Texas, and, more particularly, within the Western District of Texas.  Therefore, this Court has personal jurisdiction over Defendants.

17.     Venue is proper in the Western District of Texas under 28 U.S.C. §§ 1391 and 1400(b).

## U.S. PATENT NO. 7,199,306

18.     On April 3, 2007, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,199,306 (the "'306 patent" or the "Owens patent"), titled "Multi-strand substrate for ball-grid array assemblies and method," to Norman Lee Owens.  A true and correct copy of the '306 patent is attached as Exhibit 1.

19.     Motorola was the owner by assignment of the '306 patent until Motorola divested its Semiconductor Products Sector business and Freescale was formed.  Motorola assigned the '306 patent to Freescale.  Freescale is the sole owner and assignee of all rights, title, and interest in and to the '306 patent and possesses all rights of recovery under the '306 patent, including the right to recover damages for past infringements.

20.     The '306 patent is valid and enforceable.

## U.S. PATENT NO. 5,467,455

21.     On November 14, 1995, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,467,455 (the "'455 patent" or the "Gay patent"), titled "Data processing system and method for performing dynamic bus termination," to James G. Gay and William B. Ledbetter, Jr.  A true and correct copy of the '455 patent is attached as Exhibit 2.

22.     Motorola was the owner by assignment of the '455 patent until Motorola divested its Semiconductor Products Sector business and Freescale was formed.  Motorola assigned the '455 patent to Freescale.  Freescale is the sole owner and assignee of all rights, title, and interest in and to the '455 patent and possesses all rights of recovery under the '455 patent, including the right to recover damages for past infringements.

23.     The '455 patent is valid and enforceable.

## U.S. PATENT NO. 5,715,014

24.     On February 3, 1998, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,715,014 (the "'014 patent" or the "Perkins patent"), titled "<u>Circuit and method of providing parental discretionary control on a PIP IC</u>," to Geoffrey W. Perkins, Robert DeFrancesco, and Paul P. Tighe. A true and correct copy of the '014 patent is attached as Exhibit 3.

25.     Motorola was the owner by assignment until Motorola divested its Semiconductor Products Sector business and Freescale was formed. Motorola assigned the '014 patent to Freescale. Freescale is the sole owner and assignee of all rights, title, and interest in and to the '014 patent and possesses all rights of recovery under the '014 patent, including the right to recover damages for past infringements.

26.     The '014 patent is valid and enforceable.

## GENERAL ALLEGATIONS

27.     Upon information and belief, Panasonic and JVC manufacture, use, sell, offer for sale, and/or distribute or offer for distribution one or more products, including but not limited to, certain, media, image processing engines, flash memory controllers, cameras, video cameras, and products containing same, that practice each of the elements of one or more claims of the '306 patent without license from Freescale, in the Western District of Texas and throughout the United States.

28.     Upon information and belief, Panasonic and/or Funai manufacture, use, sell, offer for sale, and/or distribute or offer for distribution one or more products, including but not limited to, certain, integrated circuits, chipsets, televisions, media players, and products that contain same, that practice each of the elements of one or more claims of the '455, and/or '014 patents

without license from Freescale, in the Western District of Texas and throughout the United States.

29.     Defendants' continuing acts of infringement are irreparably harming and causing damage to Freescale.  Freescale has no adequate remedy at law to redress Defendants' continuing acts of infringement.  The hardships that would be imposed upon Defendants by an injunction are less than those faced by Freescale should an injunction not issue.  Furthermore, the public interest would be served by issuance of an injunction.

30.     Upon information and belief, Panasonic has knowledge of the '306, '455, and '014 patents (collectively, the "Patents-in-Suit"), and has not ceased its infringing activities in light of such knowledge.

<u>**Count One – Infringement of U.S. Patent No. 7,199,306**</u>

31.     This count incorporates by reference paragraphs 1 through 30 as if fully set forth herein.

32.     Upon information and belief, Panasonic and JVC manufacture, use, sell, offer for sale, and/or distribute or offer for distribution one or more products, including but not limited to those listed in Paragraph 27, that were manufactured using the method of one or more claims of the '306 patent, without license from Freescale, in the Western District of Texas and throughout the United States.

33.     By manufacturing, using, selling, offering for sale, and/or distributing or offering for distribution its products, Panasonic and JVC have directly infringed, and will continue to directly infringe, one or more claims of the '306 patent under 35 U.S.C. § 271 (a), (b), (c), and/or (f), literally and/or under the doctrine of equivalents.

34.     By manufacturing, using, selling, offering for sale, and/or distributing or offering for distribution its products, Panasonic and JVC have contributorily infringed, and will continue

to contributorily infringe, one or more claims of the '306 patent under 35 U.S.C. § 271 (a), (b), (c), and/or (f), literally and/or under the doctrine of equivalents.

35.     By manufacturing, using, selling, offering for sale, and/or distributing or offering for distribution its products, Panasonic and JVC have induced infringement of, and will continue to induce infringement of, one or more claims of the '306 patent under 35 U.S.C. § 271 (b), and/or (f), literally and/or under the doctrine of equivalents.

36.     As a direct and proximate consequence of the acts and practices of Panasonic and JVC, Freescale has been, is being and, unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284.

37.     As a direct and proximate consequence of the acts and practices of Panasonic and JVC, those defendants have also caused, are causing and, unless such acts and practices are enjoined by the Court, will continue to cause irreparable harm to Freescale for which there is no adequate remedy at law, and for which Freescale is entitled to injunctive relief under 35 U. S. C. § 283.

38.     Upon information and belief, Panasonic's infringement of the '306 patent has been and continues to be willful and deliberate.

### Count Two – Infringement of U.S. Patent No. 5,467,455

39.     This count incorporates by reference paragraphs 1 through 38 as if fully set forth herein.

40.     Upon information and belief, Panasonic and Funai manufacture, use, sell, offer for sale, and/or distribute or offer for distribution one or more products, including but not limited to those listed in Paragraph 28, that practice each of the elements of one or more claims of the

'455 patent, without license from Freescale, in the Western District of Texas and throughout the United States.

41.     By manufacturing, using, selling, offering for sale, and/or distributing or offering for distribution its products, Panasonic and Funai have directly infringed, and will continue to directly infringe, one or more claims of the '455 patent under 35 U.S.C. § 271 (a), (b), (c), and/or (f), literally and/or under the doctrine of equivalents.

42.     By manufacturing, using, selling, offering for sale, and/or distributing or offering for distribution its products, Panasonic and Funai have contributorily infringed, and will continue to contributorily infringe, one or more claims of the '455 patent under 35 U.S.C. § 271 (a), (b), (c), and/or (f), literally and/or under the doctrine of equivalents.

43.     By manufacturing, using, selling, offering for sale, and/or distributing or offering for distribution its products, Panasonic and Funai have induced infringement of, and will continue to induce infringement of, one or more claims of the '455 patent under 35 U.S.C. § 271 (b), and/or (f), literally and/or under the doctrine of equivalents.

44.     As a direct and proximate consequence of the acts and practices of Panasonic and Funai, Freescale has been, is being and, unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284.

45.     As a direct and proximate consequence of the acts and practices of Panasonic and Funai, those defendants have also caused, are causing and, unless such acts and practices are enjoined by the Court, will continue to cause irreparable harm to Freescale for which there is no adequate remedy at law, and for which Freescale is entitled to injunctive relief under 35 U. S. C. § 283.

-8-

46.     Upon information and belief, Panasonic's infringement of the '455 patent has

been and continues to be willful and deliberate.

## Count Three – Infringement of U.S. Patent No. 5,715,014

47.     This count incorporates by reference paragraphs 1 through 46 as if fully set forth

herein.

48.     Upon information and belief, Panasonic manufactures, uses, sells, offers for sale,

and/or distributes or offers for distribution one or more products, including but not limited to

those listed in Paragraph 28,  that practice each of the elements of one or more claims of the '014

patent, without license from Freescale, in the Western District of Texas and throughout the

United States.

49.     By manufacturing, using, selling, offering for sale, and/or distributing or offering

for distribution its products, Panasonic has directly infringed, and will continue to directly

infringe, one or more claims of the '014 patent under 35 U.S.C. § 271 (a), (b), (c), and/or (f),

literally and/or under the doctrine of equivalents.

50.     By manufacturing, using, selling, offering for sale, and/or distributing or offering

for distribution its products, Panasonic has contributorily infringed, and will continue to

contributorily infringe, one or more claims of the '014 patent under 35 U.S.C. § 271 (a), (b), (c),

and/or (f), literally and/or under the doctrine of equivalents.

51.     By manufacturing, using, selling, offering for sale, and/or distributing or offering

for distribution its products, Panasonic has induced infringement of, and will continue to induce

infringement of, one or more claims of the '014 patent under 35 U.S.C. § 271 (b), and/or (f),

literally and/or under the doctrine of equivalents.

52.     As a direct and proximate consequence of the acts and practices of Panasonic,

Freescale has been, is being and, unless such acts and practices are enjoined by the Court, will

continue to be injured in its business and property rights, and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284.

53.    As a direct and proximate consequence of the acts and practices of Panasonic, Panasonic has also caused, is causing and, unless such acts and practices are enjoined by the Court, will continue to cause irreparable harm to Freescale for which there is no adequate remedy at law, and for which Freescale is entitled to injunctive relief under 35 U. S. C. § 283.

54.    Upon information and belief, Panasonic's infringement of the '014 patent has been and continues to be willful and deliberate.

## REQUEST FOR A JURY TRIAL

55.    Freescale requests a jury trial of all issues in this action so triable.

## PRAYER FOR RELIEF

WHEREFORE, Freescale prays for judgment against Defendants as follows and for the following relief:

A.    a judgment that each of the Patents-in-Suit was duly and legally issued, is valid and is enforceable;

B.    a preliminary and permanent injunction restraining Defendants and their respective officers, employees, agents, parents, subsidiaries, affiliates, and anyone else in active concert or participation with them, from taking any actions that would directly or indirectly infringe the patent or patents of which Defendants are accused of infringing;

C.    a judgment that Defendants have infringed, contributorily infringed, and/or induced infringement of one or more claims of the Patents-in-Suit;

D.    a judgment that Panasonic has willfully infringed one or more claims of each of the Patents-in-Suit;

E.     actual damages through verdict and post-verdict until Defendants are enjoined from further infringing activities;

F.     an accounting of damages through verdict and post-verdict until Defendants are enjoined from further infringing activities;

G.     all pre-judgment and post-judgment interest allowed by law, including an award of prejudgment interest, pursuant to 35 U.S.C. § 284, from the date of each act of infringement of the Patents-in-Suit to the day a damages judgment is entered, and further award of post-judgment interest, pursuant to 28 U.S.C. § 1961, continuing until such judgment is paid, at the maximum rate allowed by law;

H.     a judgment and order finding this to be an exceptional case and requiring Defendants to pay the costs of this action (including all disbursements) and attorneys' fees as provided by 35 U.S.C. § 285;

I.     reasonable attorneys fees and costs;

J.     an award of increased damages pursuant to 35 U.S.C. § 284 for Panasonic's willful and deliberate patent infringement; and

K.     such other and further relief as the Court deems just and equitable.

Dated: _Mar 1, 2010_          Respectfully submitted,

By: _____
Alan D. Albright
State Bar No. 00973650
Email:  alan.albright@bgllp.com
Barry K. Shelton
State Bar No. 24055029
Email:  barry.shelton@bgllp.com
Michael Chibib
State Bar No. 00793497
Email:  michael.chibib@bgllp.com
David Hoffman
State Bar No. 24046084
Email:  david.hoffman@bgllp.com
Betty H. Chen
State Bar No. 24056720
Email:  betty.chen@bgllp.com
BRACEWELL & GIULIANI LLP
111 Congress Avenue, Suite 2300
Austin, Texas  78701
(512) 472-7800
(512) 472-9123 fax

Counsel for Plaintiff,
Freescale Semiconductor, Inc.